UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ARNOLD ROTH, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil No. 11-1377 (RCL) |
| ) | |
| ISLAMIC REPUBLIC OF IRAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiffs have brought claims against four defendants: Islamic Republic of Iran, Iranian Ministry of Information and Security ("MOIS"), Syrian Arab Republic, and Syrian Air Force Intelligence ("SAFI"). The Clerk of the Court has entered default against the former two Iranian defendants and plaintiffs have moved for default judgment as to these defendants. ECF Nos. 24, 25, 34. On the other hand, plaintiffs have yet to complete service on the latter two Syrian defendants. No defendant has appeared to this point.

Under Federal Rule 21, a court may "at any time, on just terms, add or drop a party" and "sever any claim against a party." Fed. R. Civ. P. 21. This rule provides district courts broad discretion in determining when severance is appropriate. *See Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) ("We believe that [Rule 21] authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance."); *see also 17th Street Assocs., LLP v. Markel Int'l Ins. Co.*, 373 F. Supp. 2d 584, 598 n.9 (E.D. Va. 2005) (stating that under Rule 21, a "court has virtually unfettered discretion in determining whether or not severance is appropriate") (internal citation omitted). Plaintiffs'

claims against Iran and MOIS are ripe for consideration on the merits while their claims against Syria and SAFI continue to languish as a result of events outside of the parties' or the Court's control. *See* Mot. to Reissue Summons, ECF No. 26 (stating that the State Department "continues to advise that due to the continued suspension of U.S. Embassy operations in Syria, the State Department is still unable to directly transmit requests for service of process upon Syria at this time").

The Court's Rule 21 power is limited by the requirement that the party dismissed or severed may not be indispensable. *In re Lorazepam & Clorazepate Antitrust Litig.*, 631 F.3d 537, 542 (D.C. Cir. 2011). Plaintiffs' allegations indicate that the defendants are mere joint tortfeasors. *See* Compl. ¶ 11, ECF No. 3 (alleging that defendants are jointly and severally liable for sponsoring and providing material support to Hamas). Therefore, severance of the claims against the Syrian defendants would not be prejudicial. *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) (per curiam) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit.").

In light of these considerations, the Court concludes that all claims against Syria and SAFI should be severed from those against Iran and MOIS. Accordingly, it is hereby

**ORDERED** that plaintiffs' claims against the Syrian Arab Republic and Syrian Air Force Intelligence are severed from this case; and it is further

**ORDERED** that the Clerk of the Court shall establish a new civil action for plaintiffs' claims against the Syrian Arab Republic and Syrian Air Force Intelligence, which shall be styled "*Arnold Roth, et al. v. Syrian Arab Republic, et al.*", and which shall for all purposes relate back to plaintiffs' initial complaint; and it is further

**ORDERED** that this Order shall be the first document filed on the docket of the new matter created by this Order; and it is further

**ORDERED** that the following filings on the current docket of this case shall also be filed on the docket of the new matter created by this Order: ECF Nos. 1–8, 10–11, 13, 17–18, 21, 23, 26–33.

It is **SO ORDERED.**

Signed by Royce C. Lamberth, United States District Judge, on November 19, 2014.