UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUL 2 8 2011

Clerk, U.S District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| ARNOLD ROTH : | |
| and : | |
| FRIMET ROTH : | |
| and : | Civil Action No. |
| ESTATE OF MALKA CHANA ROTH : By and through its Co-Administrators Arnold Roth and Frimet Roth : | |
| and : | |
| HAYA-ELISHEVA ROTH, by and through Arnold : Roth and Frimet Roth as her Parents, Friends and : Next of Kin : | Case: 1:11-cv-01377 Assigned To : Lamberth, Royce C. Assign. Date : 7/28/2011 Description: PI/Malpractice |
| and : | |
| PESIA ROTH : | |
| and : | |
| RIVKA ROTH : | |
| and : | |
| ZVI NEHEMIA ROTH : | |
| and : | |
| SHAYA ELAZAR ROTH : | |
| and : | |
| PINCHAS MOSHE ROTH : | |
| Plaintiffs, : | |
| v. : | |

1

| | |
|---|---|
| THE ISLAMIC REPUBLIC OF IRAN<br>Ministry of Foreign Affairs<br>Khomeini Avenue<br>United Nations Street<br>Tehran, Iran, | :<br>:<br>:<br>:<br>: |
| and | : |
| THE IRANIAN MINISTRY OF<br>INFORMATION AND SECURITY<br>Pasdaran Avenue<br>Golestan Yekom<br>Tehran, Iran | :<br>:<br>:<br>:<br>: |
| and | : |
| SYRIAN ARAB REPUBLIC<br>Damascus, SYRIA | :<br>: |
| and | : |
| Syrian Air Force Intelligence<br>Kafar Susa Roundabout<br>Damascus, SYRIA | :<br>:<br>: |
| Defendants. | : |

## COMPLAINT

Plaintiffs Arnold Roth ("Arnold Roth"), Frimet Roth ("Frimet Roth"), the Estate of Malka Chana Roth ("Malki Roth") by and through its Co-Administrators Arnold Roth and Frimet Roth,, Haya-Elisheva Roth ("Haya-Elisheva Roth") by and through Arnold Roth and Frimet Roth her parents, Friends and Next of Kin,  Pesia Roth ("Pesia Roth"); Rivka Roth ("Rivka Roth"); Zvi Nehemia Roth ("Zvi Nehemia Roth"); Shaya Elazar Roth ("Shaya Elaza Roth"); and Pinchas Moshe Roth ("Pinchas Moshe Roth"),  by counsel, respectfully bring this action against Defendants The Islamic Republic of Iran ("Iran"), The Iranian Ministry of Information and Security ("MOIS"), Syrian Arab Republic ("Syria") and Syrian Air Force

Intelligence ("SAFI"), jointly and severally. On August 10, 2006, this Court entered judgment against Defendants Iran, and MOIS for the material support and training they provided to Hamas. *Greenbaum et al. v. Islamic Republic of Iran, et al.* 451 F. Supp. 2d 90 (D.D.C. 2006). Plaintiffs in that case sought damages arising out of the injuries to American citizens in the August 9, 2001 bombing at the Sbarro restaurant in Jerusalem, Israel. This incident arises out of the same factual allegations. Plaintiffs here seek damages for the injuries and death of Malka Chana Roth, carried out as described below due to the financial and material support and training provided by the Defendants. In support of their Complaint, Plaintiffs allege as follows:

## THE ROTH FAMILY

1. At the time of her death, Malka Chana Roth was a citizen of the United States, Frimet Roth, the mother of Malki Roth, is a citizen of the United States. Arnold Roth, Malki Roth's father, is a citizen of Australia and Israel. Malki Roth's six brothers and sisters join as Plaintiffs in this case as heirs and survivors of their sister Malki Roth. They are Haya-Elisheva who is a minor and bring this claim by their parents as Next Friends, and also by Pesia, Rivka, Zvi Nehemia, Shaya Elazar and Pinchas Moshe. All of Malki Roth's brothers and sisters are citizens of the United States. The Plaintiffs presently reside in Israel.

2. Malki Roth was born on 27th November 1985. She was the middle of three older brothers and three younger sisters, one of whom, Haya-Elisheva suffers from severe and profound developmental disabilities. Malki Roth was extremely devoted and close to all her siblings, but especially to her sister, Haya-Elisheva. From the age of 14, Malki Roth was an active, responsible and conscientious leader in a youth organization where she served as a leader of girls of nine and ten years of age. She was personally involved as a volunteer in the care of seriously disabled children in addition to her own youngest sister and was a volunteer advocate

for several girls of her own age with disabilities who were mainstreamed into her high school. At the age of 14, during the summer of 2000, she volunteered as a "mother's helper" for a single mother with a terminally-ill child who lived near the Roth home in Jerusalem, Israel. Her last week of life was devoted to being a volunteer camp counselor at a summer camp for special-needs children where the experience and skills she had gained in her short life were invaluable in enabling her to cope successfully with caring for physically-challenged and intellectually-challenged children of her own age.

3. Malki Roth was also a gifted musician who played the classical flute and guitar.

4. Malki Roth's promising young life was ended on August 9, 2001 when she and her best friend, Michal Raziel, stopped for lunch at Sbarro, a restaurant located in the heart of Jerusalem, Israel, for a pizza on their way to youth group activity in a southern Jerusalem suburb. Malka and her friend, Michal, both died there, along with over a dozen others, as a direct and proximate result of a bombing at Sbarro.

## THE DEFENDANTS

5. Defendant The Islamic Republic of Iran ("Iran") is a foreign state that has been designated and continues to remain designated as a state sponsor of terrorism pursuant to § 60 of the Export Administration Act of 1979 (50 U.S.C. App. § 2405) and § 620(A) of the Foreign Assistance Act of 1961 (22 U.S.C. § 2371) since January 19, 1984. Iran, at all times pertinent to this action, provided material support and resources to Hamas.

6. Iran, through its actions caused the personal injuries and death described above, within the meaning of 28 U.S.C. § 1605A, by providing HAMAS with funding, direction, material support, encouragement, safe haven and/or training for its terrorist activities.

7. Defendant The Iranian Ministry of Information and Security ("MOIS") is the Iranian intelligence service through which Iran sponsored Hamas, a designated Foreign Terrorist Organization ("FTO"), and the terrorist group which caused and committed the act of extrajudicial killing described herein.

8. Defendant Syrian Arab Republic ("Syria") is a foreign state that has been designated and continues to remain designated as a state sponsor of terrorism pursuant to § 60 of the Export Administration Act of 1979, 50 U.S.C. App. § 2405, and§ 620(A) of the Foreign Assistance Act of 1961 (22 U.S.C. § 2371) since December 29, 1979. Syria, at all times pertinent to this action, provided material support and resources to Hamas.

9. Syria, through its actions caused the personal injuries and death described above, within the meaning of 28 U.S.C. § 1605A, by providing HAMAS with funding, direction, material support, encouragement, safe haven and/or training for its terrorist activities.

10. Defendant Syrian Air Force Intelligence is the Syrian intelligence services through which Syria sponsored HAMAS, which caused and committed the act of extrajudicial killing described herein.

11. Defendants Iran, MOIS, Syria and SAFI, are directly and/or vicariously responsible for the actions of their co-defendants because they each sponsored and provided material support to HAMAS. Accordingly, Defendants are jointly and severally liable to Plaintiffs.

## JURISDICTION, VENUE AND CHOICE OF LAW

12. This action is brought by the Plaintiffs, by and through their counsel, in the individual capacity of each plaintiff and, as appropriate, in the capacity as personal representative of the estate more particularly described in the caption of this action for their own benefit, for the benefit of the Estate of Malka Chana Roth, and for the benefit and on behalf of all those legally entitled to assert a claim under the Foreign Sovereign Immunities Act 28 U.S.C. § 1605A(c), and state common law and statutory law. This Court exercises subject matter jurisdiction in accordance with the provisions of 28 U.S.C. §§ 1330(a), 1331, 1332(a)(2), and 1605A.

13. Defendants Iran, MOIS, Syria and SAFI are subject to suit in the courts of the United States pursuant to 28 U.S.C. § 1605A.

14. Venue lies in this Court pursuant to 28 U.S.C. § 1391(f)(4), which provides, in pertinent part, that a civil action against a foreign State may be brought in the United States District Court for the District of Columbia.

15. Actions for wrongful death, personal injury and related torts perpetrated by foreign state sponsors of terrorism through their officials, employees and agents within the meaning of 28 U.S.C. § 1605A(c) are unique causes of actions arising out of federal counterterrorism statute(s) and are controlled by applicable federal law.

## STATEMENT OF FACTS

16. Decedent, Malki Roth, a United States citizen and national, was 15 years old at the time of her death.

17. Just before 2:00pm on August 9, 2001, Malki Roth was standing at the counter of Sbarro, a busy restaurant at the corner of Jaffa Road and King George Avenue in the center of Jerusalem, Israel, waiting to be served.

18. At or about 2:00 p.m., a man carrying an explosive device concealed in a guitar case that was slung across his back walked into Sbarro and detonated the explosive device. The devastating effect was magnified by the fact that the explosive device was packed with shrapnel and nails.

19. As a result of the explosion, 15 people were killed, including at least two American citizens, one of whom was Malki Roth, and more than 130 people were injured. The popular restaurant was filled with lunchtime diners, including family groups and many children. The restaurant was completely gutted in the massive explosion.

20. Initially, there were competing claims to take 'credit' for the terror attack. However, later information determined that the Palestinian organization HAMAS had actually carried out the bombing, and HAMAS subsequently actually took credit for the bombing, naming HAMAS member Izz Al-Din Shuhail Ahmad Al-Masri ("Al-Masri"), 23, as the bomber. Mahmoud Muhammed Ahmad Abu Hanoud al-Shouli ("al-Shouli"), a commander of HAMAS in the West Bank, helped organize and plan this and other murderous terror attacks for HAMAS.

21. Defendants Iran, MOIS, Syria and SAFI routinely provided material support and resources to Hamas prior to its killing of Malki Roth, sponsoring, *inter alia,* Hamas' terrorists activities and the killing of Malki Roth within the meaning of 28 U.S.C. 1605A.

22. Malki Roth's death was caused by a willful and deliberate act of extrajudicial killing because Malki Roth was killed upon information and belief by Izz Al-Din Shuhail Ahmad Al-Masri, an agent of Hamas, acting under the sponsorship and/or direction, and with the material support and resources of the Defendants Iran, MOIS, Syria and SAFI.

23. Defendants Iran, MOIS, Syria and SAFI agents, officials, representatives and employees routinely provided material support and resources to Hamas while acting within the scope of their employment.

24. The killing of Malki Roth, an act of "extrajudicial killing" pursuant to the actions of the agents of the Defendants as above set forth, constitutes torture,

extrajudicial killing and the provision of material resources for them are acts as defined in 18 U.S.C. §2339A.

25. Under the theory of respondeat superior, Defendants Iran and MOIS are vicariously responsible for the actions of Hamas and its agents. Defendant Iran is further responsible, under the theory of respondeat superior, for the actions of its agent, Defendant MOIS.

26. Under the theory of respondeat superior, Defendants Syria and SAFI are vicariously responsible for the actions of Hamas and its agents. Defendant Syria is further responsible, under the theory of respondeat superior, for the actions of its agent, Defendant SAFI.

27. Accordingly, Defendants are jointly and severally liable to the Plaintiffs for the death of Malki Roth and injuries that each of her immediate family members have suffered.

## COUNT I

### ACTION FOR EXTRAJUDICIAL KILLING OF MALKA CHANA ROTH, PURSUANT TO 28 U.S.C. §§ 1605A(c)

28. Paragraphs 1 through 27 of the Complaint are incorporated by reference, as if set forth fully herein.

29. 28 U.S.C. § 1605A(c) creates a cause of action against Defendants for their participation in and support of the extrajudicial killing of Malki Roth.

30. As a direct and proximate consequence of Defendants' actions, Arnold and Frimet Roth (individually in their own right and as the Co-Administrators of the Estate of Malka Chana Roth), Haya Elisheva Roth, Pesia Roth, Rivka Roth, Zvi Nehemia Roth, Shaya Elazar Roth and Pinchas Moshe Roth have each suffered economic damages,

including, inter alia, loss of accretions, and loss of assistance, entitling them to compensatory and punitive damages pursuant to 28 U.S.C. § 1605A(c).

31.     As a further direct and proximate result of the extrajudicial killing of Malki Roth, Arnold and Frimet Roth, Haya Elisheva Roth, Pesia Roth, Rivka Roth, Zvi Nehemia Roth, Shaya Elazar Roth and Pinchas Moshe Roth have each suffered extreme loss of solatium, entitling them to compensatory and punitive damages pursuant to 28 U.S.C. §1605A(c).

32.     Before her death, Malki Roth suffered extreme bodily pain and suffering, entitling her estate to compensatory and punitive damages pursuant to 28 U.S.C. § 1605A(c).

33.     The conduct of Defendants, acting in concert to carry out their unlawful objectives, was outrageous, malicious, in willful, wanton and reckless disregard of the rights of Malki Roth and the other Plaintiffs. As such, the Plaintiffs are entitled to punitive damages against Defendants Iran, MOIS, Syria and SAFI.

34.     WHEREFORE, the Plaintiffs demand that judgment be entered, jointly and severally, against Defendants Iran, MOIS, Syria and SAFI, as follows: (a) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for economic damages to the Plaintiffs; (b) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for survival damages, to Plaintiffs Arnold and Frimet Roth as the Co-Administrators of the Estate of Malka Chana Roth; (c) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for loss of solatium damages, to Plaintiff Arnold Roth, on behalf of himself individually; (d) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for loss of solatium damages, to Plaintiff Frimet Roth, on behalf of herself

individually; (e) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for loss of solatium damages, to Plaintiff Haya Elisheva Roth; (f) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for loss of solatium damages, to Plaintiff Pesia Roth; (g) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for loss of solatium damages, to Plaintiff Rivka Roth; (h) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for loss of solatium damages, to Plaintiff Zvi Nehemia Roth; (i) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for loss of solatium damages, to Plaintiff Shaya Elazar Roth; (j) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for loss of solatium damages, to Plaintiff Pinchas Moshe Roth; (k) THREE HUNDRED SIXTY MILLION DOLLARS ($360,000,000) in punitive damages to all Plaintiffs assessed against Iran and MOIS and (l) THREE HUNDRED SIXTY MILLION DOLLARS ($360,000,000) in punitive damages to all Plaintiffs assessed against Syria and SAFI.

## COUNT II

### ACTION FOR WRONGFUL DEATH OF MALKA CHANA ROTH
### (28 U.S.C. 1605A(c)) and State Common Law

35. Paragraphs 1 through 34 of the Complaint are incorporated by reference as if set forth fully herein.

36. 28 U.S.C. §§ 1605A(c) creates a cause of action against Defendants for their participation in and support of the extrajudicial killing of Malki Roth.

37. The Defendants' actions caused the wrongful death of Malki Roth.

38. As a direct and proximate consequence of Defendants' actions, the Plaintiffs have suffered economic damages, including, inter alia, loss of accretions and

loss of assistance, for which they are entitled to compensation pursuant to 28 U.S.C. §1605A(c).

39. As a further direct and proximate result of the extrajudicial killing of Malki Roth, Arnold and Frimet Roth, Haya Elisheva Roth, Pesia Roth, Rivka Roth, Zvi Nehemia Roth, Shaya Elazar Roth and Pinchas Moshe Roth have suffered extreme loss of solatium, entitling them to compensatory damages pursuant to 28 U.S.C. § 1605A(c).

40. Before her death, Malki Roth suffered extreme bodily pain and suffering, entitling her estate to compensatory damages pursuant to 28 U.S.C. §1605A(c).

41. The conduct of Defendants, acting in concert to carry out their unlawful objectives, was outrageous, malicious, in willful, wanton and reckless disregard of the rights of the Malka Chana Roth and the Plaintiffs. As such, the Plaintiffs are entitled to punitive damages against Defendants Iran,, MOIS, Syria and SAFI.

42. WHEREFORE, the Plaintiffs demand that judgment be entered, jointly and severally, against Defendants Iran, MOIS Syria and SAFI, as follows: (a) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for economic damages to the Plaintiffs; (b) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for survival damages, to Plaintiffs Arnold and Frimet Roth as the Co-Administrators of the Estate of Malka Chana Roth; (c) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for loss of solatium damages, to Plaintiff Arnold Roth, on behalf of himself individually; (d) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for loss of solatium damages, to Plaintiff Frimet Roth, on behalf of herself individually; (e) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for loss of

solatium damages, to Plaintiff Haya Elisheva Roth; (f) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for loss of solatium damages, to Plaintiff Pesia Roth; (g) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for loss of solatium damages, to Plaintiff Rivka Roth; (h) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for loss of solatium damages, to Plaintiff Zvi Nehemia Roth; (i) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for loss of solatium damages, to Plaintiff Shaya Elazar Roth; (j) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for loss of solatium damages, to Plaintiff Pinchas Moshe Roth; (k) THREE HUNDRED SIXTY MILLION DOLLARS ($360,000,000) in punitive damages to all Plaintiffs assessed against Iran and MOIS and (l) THREE HUNDRED SIXTY MILLION DOLLARS ($360,000,000) in punitive damages to all Plaintiffs assessed against Syria and SAFI.

## COUNT III

### ACTION FOR THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS RESULTING FROM THE EXTRAJUDICIAL KILLING OF MALKA CHANA ROTH

43.   Paragraphs 1 through 42 of the Complaint are incorporated by reference as if set forth fully herein.

44.   28 U.S.C. § 1605A(c) creates a cause of action against Defendants for their participation in and support of the extrajudicial killing of Malki Roth.

45.   As a result of the extrajudicial killing of Malki Roth, attributable to all Defendants, Arnold Roth, Frimet Roth, Haya Elisheva Roth, Pesia Roth, Rivka Roth, Zvi

Nehemia Roth, Shaya Elazar Roth and Pinchas Moshe Roth, have each suffered severe emotional distress.

46. Defendants' conduct was outrageous and intended to inflict severe emotional harm on the decedent's immediate family.

47. As a direct and proximate consequence of Defendants' actions, Arnold Roth, Frimet Roth, Haya Elisheva Roth, Pesia Roth, Rivka Roth, Zvi Nehemia Roth, Shaya Elazar Roth and Pinchas Moshe Roth have suffered economic damages and an extreme loss of solatium, for which they are entitled to compensatory damages pursuant to 28 U.S.C. § 1605A(c).

48. The conduct of Defendants, acting in concert to carry out their unlawful objectives, was outrageous, malicious, in willful, wanton and reckless disregard of the rights of Malki Roth and the Plaintiffs. As such, Plaintiffs are entitled to punitive damages against Defendants Iran, MOIS, Syria and SAFI pursuant to 28 U.S.C. § 1605A(c).

49. WHEREFORE, Plaintiffs demand that judgment be entered, jointly and severally, against Defendants Iran, MOIS, Syria and SAFI as follows: (a) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for loss of solatium damages, to Plaintiff Arnold Roth, on behalf of himself individually; (b) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for loss of solatium damages, to Plaintiff Frimet Roth, on behalf of herself individually; (c) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for loss of solatium damages, to Plaintiff Haya Elisheva Roth; (d) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for loss of solatium damages, to Plaintiff Pesia Roth; (e) TWENTY MILLION

DOLLARS ($20,000,000), not including costs, for loss of solatium damages, to Plaintiff Rivka Roth; (f) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for loss of solatium damages, to Plaintiff Zvi Nehemia Roth; (g) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for loss of solatium damages, to Plaintiff Shaya Elazar Roth; (h) TWENTY MILLION DOLLARS ($20,000,000), not including costs, for loss of solatium damages, to Plaintiff Pinchas Moshe Roth; and (i) THREE HUNDRED SIXTY MILLION DOLLARS ($360,000,000) in punitive damages to all Plaintiffs assessed against Iran and MOIS and (l) THREE HUNDRED SIXTY MILLION DOLLARS ($360,000,000) in punitive damages to all Plaintiffs assessed against Syria and SAFI.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, request joint and several judgment against the Defendants as follows:

1. Awarding Plaintiffs compensatory damages against Defendants in amounts set forth herein and as shall be determined at trial;

2. Awarding Plaintiffs punitive damages against (a) Defendants Iran and MOIS in the amount of THREE HUNDRED SIXTY MILLION DOLLARS ($360,000,000) and (b) Defendants Syria and SAFI in the amount of THREE HUNDRED SIXTY MILLION DOLLARS ($360,000,000) according to proof to be established at trial;

3. Awarding Plaintiffs prejudgment interest at the maximum rate allowable by law;

4. Awarding Plaintiffs their costs and disbursements and reasonable allowances of fees for Plaintiffs counsel and experts and reimbursement of expenses;

5. Leave to amend this Complaint as interests of justice may allow; and

6. Granting any and all such further relief as the Court may deem just and proper.

Dated: 28 July 2011

Respectfully submitted,

Heideman Nudelman & Kalik, P.C.
1146 19th Street, NW
Fifth Floor
Washington, DC 20036
(202) 463-1818

By: _____
Richard D. Heideman (No. 377462)
Noel J. Nudelman (No. 449969)
Tracy Reichman Kalik (No. 462055)
Matthew S. Apfel (No. 989610 )

Steven R. Perles
Edward MacAllister
The Perles Law Firm
1146 19th Street, NW
Fifth Floor
Washington, DC 20036
(202) 955-9055

Of Counsel:

Professor Harry Reicher
University of Pennsylvania
Barristers Chambers
1302 50th Street
Level 3
Brooklyn, NY 11219
(718) 854-0001 x303

Jonathan David
The David Law Firm, P.C.
10655 Six Pines Drive
Suite 260
Woodlands, Texas  77380
(281) 296-9090

Counsel for Plaintiffs