UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ARNOLD ROTH, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-01946 (RCL) |
| | ) | |
| SYRIAN ARAB REPUBLIC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MEMORANDUM WITH POINTS AND AUTHORITIES TO TAKE JUDICIAL NOTICE OF FINDINGS OF FACT AND CONCLUSIONS OF LAW IN RELATED CASES AND TO ENTER DEFAULT JUDGMENT AS TO LIABILTY AND DAMAGES <u>AGAINST THE SYRIAN ARAB REPUBLIC AND SYRIAN AIR FORCE</u>**

COME NOW the Plaintiffs, by and through their undersigned counsel, and pursuant to Fed. R. Evid. 201, respectfully move this Court to (1) take judicial notice of all of the findings of fact and conclusions of law and finding of damages contained in the Court's January 27, 2015 Memorandum Opinion entered in the related case of *Roth v. Islamic Republic of Iran.*, 78 F. Supp. 3d 379, 386 (D.D.C. 2015) (*Roth I*) attached hereto as Exhibit A; and (2) take judicial notice of the findings of fact and conclusions of law entered in *Braun v. Islamic Republic of Iran*, 228 F. Supp. 3d 64, 71 (D.D.C. 2017) attached hereto as Exhibit B wherein the Court finds that Defendant Syria provides material support and sponsorship of HAMAS (a/k/a The Islamic Resistance Movement), a designated Foreign Terrorist Organization, (3) adopt said Findings of Fact and Conclusions of Law as to the liability and damages of the within Defendants, the Syrian Arab Republic and Syrian Air Force (hereinafter "Syrian Defendants"), and (4) enter judgment jointly and severally against the Syrian Defendants on behalf of the Plaintiffs Frimet Roth, the Estate of Malka Chana Roth, Pesia Roth, Rivka Roth, Zvi Nehemia Roth, Shaya Elazar Roth and

1

Pinchas Moshe Roth (collectively "Roth Plaintiffs" or "Plaintiffs")[1], pursuant to the private cause of action found in 28 U.S.C. § 1605A(c). In support of this Motion, Plaintiffs state:

## PROCEDURAL BACKGROUND

The Syrian Defendants were served on July 2, 2017 with the Complaint, Summons, and Notice of Suit by diplomatic means pursuant to 28 U.S.C. § 1608(a)(4). *See* D.E. 41. Having been served, and the Syrian Defendants having failed to answer, Plaintiffs requested that the Clerk of the Court enter default against these defendants. *See* D.E. 42. On September 28, 2017, the Clerk of Court entered default against the Syrian Defendants.[2] *See* D.E. 43. This matter was before the Court for a Status Conference and Further Proceedings on May 2, 2018.

## JUDICIAL NOTICE IS APPROPRIATE FOR THIS CASE

Taking judicial notice of previously entered findings of fact and conclusions of law has been followed in other matters similar to this one, i.e. where a judge has entered findings of fact and conclusions of law and subsequently applied those same findings to a later filed case arising out of the same or related factual scenario. *See e.g. Prevatt v. Islamic Republic of Iran,* 421 F.Supp.2d. 152, 155 (D.D.C. 2006); *Haim v. Islamic Republic Iran,* 425 F.Supp.2d 56, 60 (D.D.C. 2006); *Valore v. Islamic Republic of Iran*, 03-cv-1959(RCL)(D.D.C); *Estate of Steven Bland v. Islamic Republic of Iran,* 05-cv-2124 (RCL)(D.D.C); *Julie Goldberg-Botvin v. Islamic Republic of Iran*, 12-cv-1292 (RCL)(D.D.C). This is in keeping with Federal Rule of Evidence 201(b), which allows a court to "judicially notice a fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In light of the numerous FSIA cases that give

---

[1] In accordance with this Court's previous Orders in the matter of *Roth v. Islamic Republic of Iran,* C.A.-11-cv-1377, and contemporaneously with this filing, the claims of Arnold Roth and Haya Elisheva Roth have been voluntarily dismissed in this matter without prejudice.

rise to nearly identical factual and legal issues, "this Court and others in this District have frequently taken judicial notice of earlier, related cases arising under the state-sponsored terrorism exception to foreign sovereign immunity." *Roth*, 78 F. Supp. 3d at 387 *citing e.g., Fain v. Islamic Republic of Iran,* 856 F.Supp.2d 109, 115 (D.D.C.2012) (citing cases). This Court has found that in particular, in FSIA related proceedings, the Court does not have to engage in the "'onerous burden of re-litigating key facts in related cases arising out of the same terrorist attack.'" *Id. quoting Rimkus v. Islamic Republic of Iran,* 750 F.Supp.2d 163, 172 (D.D.C.2010). "Instead, courts adjudicating related FSIA cases may "rely upon the evidence presented in earlier litigation—without necessitating the formality of having that evidence reproduced—to reach their own, independent findings of fact in the cases before them.'" *Id.* Here, this Court has already found that HAMAS committed the specific attack that injured the Roth Plaintiffs, and courts in this District have also already found that at the time of the Roth attack, Syria materially supported HAMAS, such that the Syrian Defendants may accordingly be held liable for the Roth Plaintiffs' injuries.

### HAMAS COMMITTED THE ATTACK THAT INJURED THE PLAINTIFFS

All of the Plaintiffs in this matter are the same Plaintiffs in the related case of *Roth I*. In *Roth I*, this Court found that HAMAS committed and is responsible the attack the murdered Malka Roth on August 9, 2001, at the Sbarro restaurant in the center of Jerusalem, Israel. *Roth*, 78 F. Supp. 3d at 387. In particular this Court found that,

> [the] living will videotape of the bomber made by the bomber beforehand in which he describes himself as being a member of Hamas and says he's going to carry out a suicide bombing; the description after the bombing by the bomber's father of his son as being a member of Hamas; and, furthermore, the court evidence and the interviews with the two individuals who were subsequently arrested for having helped the bomber identify the target and get him to the target in which they describe themselves as members of Hamas....

3

was compelling and persuasive evidence that attributed the bombing of the Sbarro pizzeria to HAMAS. *Roth*, 78 F. Supp. 3d at 388.

In *Roth I*, the Court found that among others, the Islamic Republic of Iran provided material support and state sponsorship to HAMAS in the form of "varying amounts of funding, safehaven, training, and weapons. *Id.* at 388. Not only was HAMAS materially supported by the Islamic Republic of Iran, but HAMAS was also materially supported by the Syrian Defendants.

### **SYRIA MATERIALLY SUPPORTED HAMAS**

In *Braun v. Iran* the court found that "[s]ince 1979, Syria, too, "has been continuously designated by the United States Department of State as a state sponsor of terrorism." *Braun v. Islamic Republic of Iran*, 228 F. Supp. 3d 64, 71 (D.D.C. 2017). And that, like Iran, Syria reached an agreement with HAMAS in the 1980s under which "Hamas undertook to carry out acts of extrajudicial killing and terrorism against Jews in Israel, the West Bank and Gaza, and in return Syria undertook to provide HAMAS with material support and resources to carry out such extrajudicial killings and terrorist attacks." *Id.* The *Braun* court also found that in the years preceding the Sbarro bombing, Syria provided, *inter alia*, financial support, arms, "training for the planning and execution of terrorist attacks," and "safe haven and refuge" to HAMAS and its operatives. *Id.* The *Braun* court found, relying on expert testimony, that "Syria served as a "planning hub" for Hamas leadership for many years…and while exercising "de facto control of Lebanon ... granted Hamas the ability to be present in a limited manner in both Lebanon and Syria. Id. at 71-72. The *Braun* court concluded that "while under Syria's protection, 'Hamas was able to organize political events from Damascus,' as well as to "access both [Syria's] military strategists and ... [another known terrorist organization's] resources in Lebanon, from

4

which Hamas was able to learn terrorist strategies," *Id*. *citing* experts Dr. Benedetta Berti and Marius Deeb. Moreover, the *Braun* court found that HAMAS gained, "tactical know-how" for carrying out these attacks "while under Syrian protection." *Id.*

### DEFAULT JUDGMENT MAY BE PROPERLY ENTERED BY THIS COURT AGAINST THE SYRIAN DEFENDANTS AS PLAINTIFFS HAVE MET THEIR BURDEN OF PROOF.

28 U.S.C. § 1608(e) provides that "no judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." *See also Han Kim v. Democratic People's Republic of Korea*, 774 F.3d 1044, 1047 (D.C. Cir. 2014) ("when the defendant State fails to appear and the plaintiff seeks a default judgment, the FSIA leaves it to the court to determine precisely how much and what kinds of evidence the plaintiff must provide, requiring *only* that it be 'satisfactory to the court.'" (*citing* 28 U.S.C. § 1608(e) (emphasis added)). To satisfy this burden, plaintiffs must present evidence concerning their backgrounds and injuries suffered, and also may request the Court take judicial notice of prior findings of fact and evidence from a related proceeding. *See e.g.*, *Taylor v. Islamic Republic of Iran*, 811 F. Supp. 2d 1, 6-7 (D.D.C. 2011). This allows courts to "rely upon the evidence presented in earlier litigation . . . without necessitating the formality of having that evidence reproduced." *Murphy v. Islamic Republic of Iran*, 740 F. Supp. 2d at 55. 28 U.S.C. § 1608(e) does not require any more evidence or a higher standard of evidence than the Court would ordinarily receive to render a judgment. *See Han Kim*, 774 F.3d at 1046 (finding that because the defendants "'[had] not participated in the proceedings' . . . the plaintiffs 'cannot be expected to meet a typical standard for judgment as a matter of law.'"); *see also Commercial Bank of Kuwait v. Rafidain Bank,* 15 F.3d 238, 242 (2d Cir. 1994) (explaining that 28 U.S.C. §

1608(e) does not require "evidentiary hearings or explicit findings where the record shows that the plaintiff provided sufficient evidence in support of its claims.").

Here, default judgment as to liability is proper given the Plaintiffs have demonstrated that (1) HAMAS committed the attack which murdered Malka Roth and injured her immediate family members and (2) Syria is liable to the Plaintiffs under 28 U.S.C. § 1605A(c) for its role in sponsoring and providing material support to HAMAS. Accordingly, as the Syrian Defendants have been served with summons, complaint and notice of suit, as required under 28 U.S.C. § 1608(a), and the Syrian Defendants have failed to answer, and default has been entered by the Clerk of Court, judgment may now be entered by this Court finding the Syrian Defendants liable for the Plaintiffs' injuries and damages.

## THE EVIDENCE AS TO PLAINTIFFS DAMAGES AND THE AMOUNT OF THEIR DAMAGES HAS ALREADY BEEN HEARD AND DECIDED BY THIS COURT

Just as the Court may take Judicial Notice as the Findings of Fact and Conclusions of Law which establish the liability of the Syrian Defendants, the Court may also take judicial notice and adopt its previous findings in *Roth I* as to the Roth Plaintiffs damages. In *Roth I*, this Court took evidence which found regarding the injuries that each Roth Plaintiff suffered as a result of the August 9, 2001 attack and their citizenship (as is relevant to their entitlement to recover under section 1605A of the FSIA). *Roth*, 78 F. Supp. 3d at 389.

Damages available under section 1605A's cause of action "include economic damages, solatium, pain and suffering, and punitive damages." 28 U.S.C. § 1605A(c). Accordingly, deceased plaintiff's estate can recover for economic losses stemming from wrongful death of the decedent; and her family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages. *Id.* at 401-02 *citing Valore,* 700 F.Supp.2d at 83. The Court has found that with respect to the Estate of Malka Roth, the economic loss accrued to her

estate was valued at $1,191,019. *Id.* at 405. For the solatium losses of her family, the Court found that her mother Frimet Roth was awarded $5 million in damages and that five (5) of Malka's siblings—Pesia, Rivka, Zvi, Shaya, and Pincha - were each awarded $2.5 million in solatium damages. *Id.* at 406. Finally, with respect to punitive damages, this Court awarded $112.5 million in punitive damages, apportioned to each of the Roth Plaintiffs' share of compensatory damages. *Id.* The Plaintiffs request that this Court adopt each of these damage awards for the same reasons it made them in *Roth I*, and hold the Syrian Defendants' jointly and severally liable for these judgments. With regard to punitive damages, the Plaintiffs aver to this Court that (i) The Syrian Arab Republic as placed by the US Department of State on its list of State Sponsors of Terror at the time of creation of the list in 1979, and has continuously remained so listed; and (ii) the Syrian Defendants have continued, unabated, sponsoring terror. The Syrian Defendants must be punished and punitive damages should be awarded in, the most amount against the Syrian Defendants as applicable law allows, and to speak strongly against terror and on behalf of, Malka Chana Roth.

      WHEREFORE, for the reasons set forth above, the Plaintiffs respectfully request that this Honorable Court (1) take judicial notice of all of the findings of fact and conclusions of law and finding of damages contained in the Court's January 27, 2015 Memorandum Opinion entered in the related case of *Roth v. Islamic Republic of Iran.*, 78 F. Supp. 3d 379, 386 (D.D.C. 2015) attached hereto as Exhibit A; (2) take judicial notice of the findings of fact and conclusions of law entered in *Braun v. Islamic Republic of Iran*, 228 F. Supp. 3d 64, 71 (D.D.C. 2017) wherein the Court finds that Defendant Syria provides material support and sponsorship of HAMAS; (3) adopt said Findings of Fact and Conclusions of Law as to the liability and damages of the Defendants, the Syrian Arab Republic and Syrian Air Force; (4) enter Judgment jointly and

severally against the Syrian Defendants on behalf of the Plaintiffs Frimet Roth, the Estate of Malka Chana Roth, Pesia Roth, Rivka Roth, Zvi Nehemia Roth, Shaya Elazar Roth and Pinchas Moshe Roth pursuant to the private cause of action found in 28 U.S.C. § 1605A(c); and (5) enter Judgment jointly and severally against the Syrian Defendants on behalf of the Plaintiffs Frimet Roth, the Estate of Malka Chana Roth, Pesia Roth, Rivka Roth, Zvi Nehemia Roth, Shaya Elazar Roth and Pinchas Moshe Roth as punitive damages as permitted under 28 U.S.C. § 1605A(c) against the Syrian Defendants in such amounts as allowed by applicable law; and (6) provide such further and other relief as may be just and appropriate under the facts and circumstances presented.

Dated: May 30, 2018                           Respectfully Submitted,

                                              HEIDEMAN NUDELMAN & KALIK P.C.
                                              1146 19th Street, 5th Floor
                                              Washington, DC  20036
                                              Telephone: 202-463-1818
                                              Telefax: 202-463-2999

                                              By:__/s/ *Tracy Reichman Kalik*_____
                                                  Richard D. Heideman (No. 377462)
                                                  Noel J. Nudelman (No. 449969)
                                                  Tracy Reichman Kalik (No. 462055)